

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable R. V. Rayford
County Auditor
Rusk County
Henderson, Texas

Dear Sir:

Opinion No. 0-5895
Re: Does the commissioners'
court have the authority
to pay out of county funds
the expenses of the pri-
mary school supervisor of
Rusk county to attend a
meeting in Austin for the
reclassification of text
books?

Your letter of February 25, 1944, submits for the opinion of this department, the following question:

"Does the commissioners' court have the au-
thority to pay out of county funds the expenses
of the primary school supervisor of Rusk County
to attend a meeting in Austin for the reclassi-
fication of text books?"

Section 2 of Article 2700, Vernon's Revised Civil Statutes, 1925, provides as follows:

"The County Superintendent of Public In-
struction may, with the approval of the County
Board of Education, employ one or more school
supervisors to assist in planning, outlining,
and supervising the work of the Public Free
Schools in the county which is under the super-
vision of the County Superintendent of Public
Instruction. Said supervisor or supervisors
shall at all times work under the supervision

and direction of the County Superintendent of Public Instruction, as other assistants are required to do, and must have evidence of proficiency in rural school supervision and must be the holder of at least a Bachelor of Science Degree or higher. Such supervisor or supervisors may receive a salary of not to exceed Two Thousand Dollars ($2,000) per annum, to be paid out of the same funds and in the same manner as that of the County Superintendent of Public Instruction and other assistants."

We quote from 11 Texas Jurisprudence, page 563-4-5 as follows:

"Counties, being component parts of the state, have no powers or duties except those which are clearly set forth and defined in the constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of commissioners' courts, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties.

"  . . . .

"Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law,--that is, by the constitution and statutes of the state."

The county superintendent as well as the school supervisors of Rusk county are paid out of State funds.

It is, therefore, the opinion of this department that the commissioners' court cannot legally allow the primary school supervisor of Rusk County to be paid out of county funds, expenses incurred on a trip to Austin for the reclassification of text books.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
W. P. Watts
Assistant

GENERAL OF TEXAS
Acting

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN